**No. 14-17175**
_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

STEVE WILSON BRIGGS

*Plaintiff-Appellant*

v.

SONY PICTURES ENTERTAINMENT, INC., NEILL BLOMKAMP, ET AL

*Defendants-Appellee*
_____

On Appeal from the United States District Court
for the Northern District of California
Case No. 4-13-cv-04679

Hon. Judge Phyllis J. Hamilton
_____

**PLAINTIFF/APPELLANT'S MOTION FOR LEAVE TO FILE
A SUBSTITUTE-CORRECTED BRIEF**
_____

Steve Wilson Briggs
681 Edna Way
San Mateo, CA 94402
(510) 200 3763
Snc.steve@gmail.com

*Appellant In Propria Persona*

Appellant/Plaintiff, Steve Wilson Briggs, respectfully submits this motion for leave from the Court to file a substitute-corrected Brief. The Plaintiff makes this request to attend aspects of the district court's *Order Re Motions For Summary Judgment* which the Plaintiff could not have anticipated —pertaining to the district court's oversight of the prevailing *L.A. Printex Indus. Inc. v Aeropostale, Inc.,* 102 U.S.P.Q.2nd (BNA)(9th Cir 2012) decision (advised by Plaintiff), in favor of the very law *L.A. Printex* reversed. This oversight created time-consuming hurdles for the Plaintiff (a non-lawyer), making it impossible to attend many of the decision's consequences in the Plaintiff's Opening Brief, before the filing deadline.

**Good Cause exists for this motion**, presented in the following passages. Plaintiff has **three** purposes in seeking leave to file a Supplemental Brief:

1. to cite from the *L.A. Printex Indus. Inc. v Aeropostale* decision, concerning the Court's rejection of dissection analysis (Defendants' expert's dissection analysis informs the court's order), **and** to include examples of Defendants' expert fabricating facts, using falsified dissection analysis.

2. to remove paragraphs 10-14 of the existing Brief, regarding two newspaper articles which were critical of the Ninth Circuit's film industry copyright case history (from the bottom of page 3, to the end of page 4),which were written and submitted in haste, and create a suspicious, bellicose tenor.

3. To add citation from *L.A. Printex v. Aeropostale* (and highlight download

1

details from the FAC that the court overlooked) which the Plaintiff believes establish that the Plaintiff's work was **"widely disseminated"**.

The Plaintiff's motion for summary judgment (MFSJ), submitted July 30, 2014, cited *L.A. Printex v. Aeropostale*, as one of the central cases supporting a decision in favor of the Plaintiff on summary judgment. Yet, the district order contained no mention of *L.A. Printex*. Stunning the Plaintiff, the court ruled in the Defendants' favor —using case law reversed by *L.A. Printex v. Aeropostale*.

In his opening Brief, the Plaintiff argues against the typical errors a court might make —such as the 4 following examples (paraphrased from the Brief):

a. The Defendants' expert's comparison method is invalid because it compares Plaintiff's *mere* individual elements to previously published works, rather than Plaintiff's complete arrangement to previously published works.

b. The Court erred in choosing a *Striking Similarity* standard—with no genesis in Law (from Nimmer on Copyright), over Plaintiff's case-law standard.

c. The court ruled the works were not *Strikingly Similar,* but performed no striking similarity test (Plaintiff provided test info in his FAC, MFSJ, etc.).

d. The court erred in granting motion for summary judgment when the credibility of the parties is at issue, etc.

But the court's oversight of the *L.A. Printex* decision was a unique error, which could not have been anticipated. Which required the Plaintiff to research,

2

cite and explain how almost every point of the district court's order re *access, substantial similarity, widespread dissemination, Striking Similarity,* and *infringement analytics* (points which had all drifted down the wrong path over the years) were all effectively "reset" with *L.A. Printex v. Aeropostale.* Due to the district court's oversight, the order contains many errors, including:

A. 1) The court failed to apply *L.A. Printex's* methods to evaluate *substantial similarity,* by comparing "the objective similarities in protectable elements"; 2) the court over-looked guidelines like 'works need not be **"virtually identical"** to infringe'; thus, 3) the court failed to apply '**broad**' protection.

B. The court failed to apply *L.A. Printex's* new "<u>widespread dissemination</u>" *access* rules, such as: circumstantial evidence can prove access, AND "the evidence required to show wide dissemination <u>will vary from case to case</u>."

C. The court failed to consider that in *L.A. Printex* the 9th Circuit found dissection analysis unreliable (citing the 2nd Circuit's statement against dissection analysis). Thus, Rovin's dissection should have been stricken.

The district court's oversight of *L.A. Printex* placed a unusual onus on the Plaintiff. Thus, the Plaintiff filed his Brief only about 90 minutes before the deadline –as the Plaintiff was still unravelling the implications of *L.A. Printex.*

For the aforestated reasons, the Plaintiff requests leave to file a substitute-corrected Brief to add or omit information pertaining to the following, etc.:

### 1. ADD INFORMATION PERTAINING TO L.A. PRINTEX'S DECISION RE DISSECTION ANALYSIS

Among other details, on **page 21** of the Supplemental Brief, the Plaintiff has added the following citation from *L.A. Printex v. Aeropostale*, commenting on the dissection analysis used by the Defendants. After reversing the district court's opinion, and finding that a reasonable juror **could** find the two designs similar, the Ninth Circuit wrote (expressing its sentiment against dissection analysis):

> "(Each note in a scale, for example, is not protectable, but a pattern of notes in a tune may earn copyright protection."). For this reason, the Second Circuit has rejected the argument that, "in comparing [fabric] designs for copyright infringement," a court must "dissect them into their separate components, and compare only those elements which are in themselves copyrightable." Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1003 (2d Cir.1995) ("[I]f we took this argument to its logical conclusion, we might have to decide that there can be no originality in a painting because all colors of paint have been used somewhere in the past."

Concerning the Defendant's expert, Jeff Rovin's fabricating facts to support his false analytics, the Plaintiff added a footnote on page 28, which reads:

> "...the court cited Rovin's assertion that "Satellite as refuge for the super-rich," was not novel, then cited the six works cited by Rovin (note: Plaintiff made no claim to: "satellite as a refuge to the super-rich," rather, plaintiff claimed "giant satellite-world for the super-rich, orbiting Earth"[ER 134, 136]):
> 1. **"Star Trek, *Cloud Minders*"** was not a satellite city, but a small fortress underline floating on a reverse magnetism cloud in a **fixed place**; it was **not** for the rich, but for artist and intellectuals. It was not set near Earth, but a distant planet.
> 2. **Abercrombie Station** was not about a giant satellite for the rich, **but** about a small space resort for people who had stayed in

space too long and had become obese –and attracted to the obese – and a girl who doesn't want to marry one of the obese vacationers. [ER 458]

3. **A Wizard in Bedlam** was **not** about a satellite for the rich orbiting Earth, **but** a land-based colony on a **distant planet**, established by the *disenfranchised* (the exact opposite of *the rich*). Established by: "…people who were sick and tired of not being able to have things their own way" (p 19).[ER 458]

Rovin's other three examples are just as flawed.

## 2. OMIT CITATION OF ARTICLES CRITICAL OF NINTH CIRCUIT'S HISTORY ON FILM INDUSTRY INFRINGEMENT.

The Plaintiff wishes to omit the following newspaper and magazine citations (from page 3 & 4 of his Brief) which were critical of the Ninth Circuit's history on film industry copyright infringement:

1. the L.A. Times article entitled *"As Trial Nears, 9th Circuit Court Accusedof Favoring Hollywood*," by David G. Savage and Maura Dolan;

2. Steven T. Lowe's article entitled, **"***Death Of Copyright,"* from L.A. Bar ASSN's magazine, *The Los Angeles Lawyer.*

These articles may have no bearing on the matters of this appeal. But the hasty inclusion of these articles contribute to a bellicose tenor that is not befitting the gravity of this matter, nor is it duly respectful to the integrity of the distinguished Judges of Ninth Circuit Court of Appeals.

## 3. ADD CONFIRMATION OF *WIDESPREAD DISTRIBUTION*, RE: F.A.C. EXHIBITS, SHOWING DOWNLOAD DATA OF PLAINTIFF'S WORK, WHICH THE DISTRICT OVERLOOKED

From page 11 to 17 of the Supplemental Brief the Plaintiff has interspersed

citation from *L.A. Printex* concerning "widespread dissemination", with FAC attachment exhibits, which the district court overlooked –never so much as mentioning thes documents. This information concerns automated (time-stamped) email updates from TriggerStreet.com (the *access* source in this case). These automated emails verify download numbers during a six day period early March 2007, when the Plaintiff's work first appeared on Trigger Street. The extrapolation of these download numbers would confirm a finding of "reasonable opportunity of access" under the "widespread dissemination" theory of access. Similarly, in L.A. Printex, the lower court found the Plaintiff's work was not *widely disseminated*, but the Circuit Court reversed this upon review of several of the Plaintiff's sales receipts.

Attached are the substitute-corrected brief and supplemental excerpts.

For all the Foregoing reasons, the plaintiff respectfully requests the the Court grant him leave to file a substitute-corrected brief which attends the aforestated issues and concerns.

Dated: February 23, 2014

Respectfully Submitted:  /s/ Steve Wilson Briggs
Steve Wilson Briggs
Plaintiff, Pro se
681 Edna Way
San Mateo, CA 94402
(510) 200 3763
snc.steve@gmail.com

6