14-17175

_____

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____


STEVE WILSON BRIGGS
*Plaintiff-Appellant*


v.


NEILL BLOMKAMP, SONY PICTURES ENT., INC., TRISTAR PICTURES
INC., MEDIA RIGHTS CAPITAL, QED INTERNATIONAL
*Defendants-Appellees*

_____

Appeal from the United States District Court
for the Northern District of California
Case No: 4:13-cv-04679 PJH

_____

**APPELLANT'S BRIEF IN REPLY**
_____


Steve Wilson Briggs
681 Edna Way
San Mateo, CA 94402
(510) 200 3763


*Appellant In Propria Persona*

**TABLE OF CONTENTS:**

TABLE OF CONTENTS……………………………………………………… i

TABLE OF AUTHORITIES……………………………………………………. ii

I. INTRODUCTION………………………………………………………….. 1

II. REPLY ARGUMENTS……………………………………………………..... 4

   A. The Defendant's Answer Omits And Fails To Respond To Most (5 of 9)
      Of The Plaintiff's Opening Brief Central Arguments/Concerns…………. 4

   B. Plaintiff Has Shown "Widespread Dissemination" And "Access", (Or
      A Reasonable Possibility Thereof) Per *L.A. Printex*. The Defendants
      Did Not Respond To Central Issues Presented By L.A. Printex…………. 6

   C. None Of The Plaintiff's Copyright Claims are "Generic", "Stock", Etc…. 7

   D. The Plaintiff's Unique Expressions Are Copyrightable; The Defense
      Counsel repeatedly cites *Funky Films* and *Benay v Warner Bros,* but these
      are irrelevant to this case...………………………………………………….. 7

   E. The Plaintiff's Selection And Arrangement Of Unprotectible Elements
      Is protectible…………………………………………………………………… 8

   F. The Court Erred In Not Comparing The Contested Screenplays……………11

III. RESTATEMENT OF UNANSWERED OPENING ARGUMENTS……... 12

SUMMARY…………………………………………………………………… 13

CONCLUSION………………………………………………………………… 15

## TABLE OF AUTHORITIES:

**Cases**

*Three Boys Music v. Michael Bolton* 212 F.3d 477 (9th Cir.2000)....................... 1

*Art Attacks Ink, LLC v. MGA Entertainment Inc.* (9th Cir., 2009)....................... 1

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.*,
102 U.S.P.Q.2nd (BPN) (9th Cir. 2012)..................... 1, 2, 3, 5, 6, 9,10, 12, 13, 14

*Metcalf v. Bochco,* 294 F.3d 1069 (9th Cir. 2002) ……....………………….. 2, 10

*Funky Films, Inc. v. Time Warner Entertainment Co.,*
462 F.3d 1072 (9th Cir., 2006)................................................................................ 7

*Benay v. Warner Bros. Entertainment, Inc.*, 607 F.3d 620 (9th Cir. 2010)........... 7

*Nichols v. Universal Pictures Corp.*, 45 F.2d 119 (2d Cir. 1930)....................... 10

*Shaw v. Lindheim,* 919 F.2d 1353 (9th Cir. 1990) ………………………..... 10, 14

*Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539 (1985)............. 10

*Cavalier v. Random House, Inc.,* 297 F.3d 815 (9th Cir. 2002) ……………… 10

*Atari Games Corp. v. Oman*, 979 F.2d 242 (D.C. Cir. 1992).............................. 10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340 (1991)......................... 10

*Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49 (2d Cir. 1936)............... 11

*Walt Disney Prods. v. Filmation Assocs.*, 628 F. Supp. 871 (C.D. Cal. 1986).... 12

**Statutes**

Copyright Act of 1976……………………………………………………….. 12

**Treatises**

4 Nimmer On Copyright……………………………………………………….. 14

## I. INTRODUCTION

The Plaintiff's Opening Brief showed the district court's summary judgment order was errant, unjust and improper due to the following failings:

1. The district court failed to apply or consider the prevailing case law of *L.A. Printex v. Aeropostale,* which reversed the case law at base of the district court's decision (*Three Boys Music, Art Attacks Ink*).

2. The district court (A) failed to properly test for substantial similarity; (B) failed to test for "objective similarities in protectible elements"; (C) failed to give Plaintiff's work broad protection.

3. The district court erred in using dissection analysis, per *L.A. Printex.*

4. The district court order errs as it is predicated on the omission and misstatement of central facts and claims.

5. The order relies on a false, improper definition of Striking Similarity.

6. The district court erred in its direct comparison ruling.

7. The order errs as the district court did not test for Striking Similarity.

8. The district court erred in granting summary judgment when the credibility of the parties is at issue.

9. The order errs as the district court misused its discretion and prejudicially ruled against Plaintiff.

The Defendants' 57 page Answering Brief countered with a volley of misstatements and leaps of logic, culminating on page 44-47 with semantic contortions that found the Defense Counsel bending reason to suggest that *L.A. Printex* was somehow favorable to the Defendants. **THIS after the Defense Counsel refused to acknowledge or cite *Printex* in their MFSJ or their Opposition Brief -<u>EVEN after the Plaintiff cited the case in his MFSJ</u>.**

The pattern of misstatement continued throughout the Answering Brief. In the district court the Plaintiff raised concerns about dishonesty displayed by the Defendants, their Expert, and the Defense Counsel (in motions for sanctions, to exclude, etc.). Unlike the incidents cited in the district court, the misstatements in the Answering Brief are not actionable, but they speak to the Defendants' credibility -and to the reliability of the entire Answering Brief.

In respect for the Court's time, the Plaintiff will not attend each of these misstatements. However, in addition to the previous example of the Defense Counsel's misleading tendencies, the Plaintiff submits the following four examples as prototypical.

First, the Plaintiff would like the Court to observe that on page 44 (line 14-16) of the Defendants' Answering Brief the **Defense Counsel stated**: "...<u>the Courts in **L.A. Printex** and *Metcalf* found the copyrighted and accused works to</u>

2

be **substantially** and strikingly similar, respectively, the Screenplay and Film here are utterly dissimilar." This statement is, of course, false, and shows the Defense Counsels willingness to prevaricate even concerning this Court's own findings. **IN FACT**: **In the Ninth Circuit's *L.A. Printex* opinion the Court merely stated "...there are genuine disputes of material fact on access and substantial similarity, we reverse and remand."** THE NINTH CIRCUIT NEVER DECLARED THE WORKS WERE SUBSTANTIALLY SIMILAR. The Court only found there was a triable issue of fact under the extrinsic test, thus remanding the matter for a jury.

    Next, on page 27, para 1, the Defense Counsel's attempts to lull the Court away from truth with nakedly opaque language, as they write: "Similarly Plaintiff alleges that both works feature a hero who 'needs I.D. and transport to a satellite world.'" The Defense then offers a tenuous argument that the type of I.D. the contested heroes need, and why they need it, is somehow substantially different. Then, concerning the Plaintiff's comparison, the Defense actually concludes: **"This is an unwarranted comparison which obfuscates the differences in the actual plots of the works."** A reasonable trier of fact would find the comparison very warranted AND understand it was not made to 'obfuscate differences', **but to clarify the similarities**, as a Plaintiff must.

3

A more nuanced example of the Defense Counsel's effort to cajole the Court away from the truth occurs on page 47 (line 17), as the Defense Counsel writes, "The District Court properly considered Rovin's testimony **(albeit without appearing to give it much weight)."** But the truth is plain: the district court placed tremendous weight on Rovin's errant testimony.

Finally, re-arguing a false point from previous filings, the Defense Counsel states on page 43, para 1, that: "The Screenplay does not deal with immigration issues like the Film given that travel between Earth and Uberopolis is unfettered." In truth, any reader would see the Screenplay deals overtly with immigration. They would also agree that given the tremendous obstacles Arlo hurdles to get to Uberopolis (and the fact that it takes him 38 pages to get there -one-third of the Screenplay) transport to the satellite city is certainly not "unfettered".

## II. REPLY ARGUMENTS

### A. The Defendant's Answer Omits And Fails To Respond To Most Of The Plaintiff's Opening Brief Central Arguments/Concerns.

Of the nine (9) arguments the Plaintiff cited concerning the district court's erroneous decision, the Defendants only responded to four (4) of these issues (with wholly unsatisfying answers at that), leaving the remaining matters unaddressed. The five (5) matters that the Defendants **did not** attend are:

4

**2. The Court Erred In Its Substantial Similarity Test; By omitting *L.A. Printex* The Court Failed To Test For "Objective Similarity In Protectible Elements" And Failed to Give Plaintiff "Broad" Protection.**

**3. The Court Erred In Using Dissection Analysis (Discredited By *Printex*) Thus, Failed To Analyze Objective Similarity In Protectible Elements.**

**\*NOTE:** The Defense once mentioned *dissection analysis* on page 48 of their Answer (concerning another topic), but did not address the fact that dissection should never have been used, or address it merits.

**4. The Order Errs As It Is Predicated On the Omission & Misstatement Of Central Facts & Claims.**

**7. The Order Errs As It Did Not Test For "Striking Similarity".**

**8. The Court Erred In Granting Summary Judgment When The Credibility Of The Parties Is At Issue.**

The Defendants' refusal to address these essential arguments is punctuated by their choice to address trivia. Case in point: the Plaintiff dedicated only half of one page (p 24) of his FAC to comparing two secondary characters (Jerry vs Kruger, and Dylan vs Spider), yet the Defense dedicated two full pages of their

5

Answering Brief to grossly inflate this comparison (pp 39-41).

**B. Plaintiff Has Shown "Widespread Dissemination" And "Access", (Or A Reasonable Possibility Thereof) Per *L.A. Printex*. The Defendants Did Not Respond To Central Access Issues Presented By L.A. Printex.**

The Defendants' Answering Brief discussed access, generally, but did not address the Plaintiff's specific access issues under *L.A. Printex* , which are: "The evidence required to show widespread dissemination will vary from case to case," as will what a reasonable jury will consider "wide dissemination" sufficient to find a reasonable possibility of access.

The Plaintiff has demonstrated that in his unique market (screenwriting) by displaying his work on the largest social network for screenwriters and filmmakers in the history of mankind (TriggerStreet.com), and showing that in just a few days on TriggerStreet his Screenplay received 9 downloads (perhaps many hundreds over the course its seven months on the website). Thus, the Plaintiff's work was widely disseminated, and a reasonable jury would agree.

Further, only 5 weeks after the district court's MFSJ order was released TriggerStreet quietly went out of business -after twelve extremely successful years -without explanation. The Plaintiff is certain this was done because TriggerStreet represented clear *access exposure* in future lawsuits against film industry producers. TriggerStreet founder, Kevin Spacey, has an active

6

relationship with Defendants MRC and Sony Pictures Entertainment, Inc.

## C. None Of The Plaintiff's Copyright Claims are "Generic", "Stock", Etc.

Throughout the Defendants' Answering Brief the Plaintiff's copyright claims are referred to as "stock", "generic", etc. It is necessary for a Defendant in any such copyright matter to make these claims against a copyright Plaintiff's work. To fail to do so is to concede the Defendants' work is an infringement. However, the Plaintiff made clear, elaborate copyright claims involving intricate copyrightable arrangements of features and ideas, etc. -all of which are copyrightable, and in no way *generic*, *stock*, etc.

## D. The Plaintiff's Unique Expressions Are Copyrightable; The Defense Counsel repeatedly cites *Funky Films* and *Benay v Warner Bros*, but these are irrelevant to this case.

The Defendants have repeatedly proffered *Funky Films, Inc. v Time Warner Ent.* as somehow analogous to this case. They are not.

The *Funky Films* case attempted to suggest that a screenplay called "The Funk Parlor" was somehow similar to Time Warner's acclaimed "Six Feet Under", when the two stories shared only a very common setting -a funeral home.

Similarly *Benay v Warner Bro. Ent.* (concerning the film The Last Samurai, 2003) involves two works that legitimately share only:

7

1) a historical period (late 18th century);

2) the broadest ideas of setting (the U.S.A. and Japan);

3) a western hero who fights alongside the Samurai and eventually becoming one.

All quite common features -first seen 23 years earlier in the 1980 mini series "Shogun" -about a western soldier who becomes a Samurai General.

Unlike these common ideas, which involve very ordinary settings, and loose and generic plot connections, the Plaintiffs work involve a never-before used setting of a man-made giant super-satellite, which orbits Earth, as an exclusive habitat for the super-rich, set about 130 years in the future, above a dystopic impoverished Earth, etc. The Plaintiff's central plot is also very elaborate and specific -as are his settings, characters, etc.

### E. **The Plaintiff's Selection And Arrangement Of Unprotectible Elements Is protectible.**

On page 44 of their Answering Brief the Defendants begin four pages of logical acrobatics that bend reason 180 degrees, under the heading **"Plaintiff Cannot Claim Infringement Of A Collection Of Unprotected Elements"**. The Defense Counsel is certainly mistaken here as they rehash old, false arguments. Countless cases have established that minimally creative arrangemenst of unprotectible elements are protectible. The Plaintiff's arrangement of

8

unprotectible elements is very creative and very protectible. Further, the Plaintiff's work also contains many original elements that were also infringed upon by the Defendants (UNIQUE PLOT: a hero with unique recurring debilitating headaches who, to get medical aid, must go from the slums of Earth to a giant satellite city for the super-rich, where he must battle a genetically reprogrammed villain; SETTING: a giant, miles wide, man-made super-satellite for the super-rich which orbits Earth about 130 years in the future; CHARACTER: a poor 35-45 year old male hero living about 130 years in the future, who suffers debilitating recurring headaches that drive him to his knees and cause him to clutch his head in agony as he fights to get to a satellite city for the super-rich to obtain medical aid). The Defendants' screenplay and Film infringe on the Plaintiff's copyrighted property, both his original elements and his unique arrangement of unprotectible arrangements.

The Plaintiff also attended the Defendants contention in his MFSJ and under various sections of his Opening Brief, including under his second heading: "The Court Erred In Its Substantial Similarity Test; By omitting *L.A. Printex* The Court Failed To Test For Objective Similarities In Protectible Elements" And Failed To Give Plaintiff Broad Protection." The fact that the Defendants' Answering Brief does not address (or even mention) *L.A. Printex*'s 'Objective

9

Similarities of Protectible Elements' should preclude the Defense Counsel from advancing this specious claim.

With a detailed plot, featuring a unique arrangement of unprotectible elements, the Plaintiffs Screenplay's plot, characters and other structures are protectible. As stated in the Plaintiff's MFSJ the copyrightability of detailed plots is affirmed in Nichols v. Universal Pictures: 45 F.2d 119 (2d Cir. 1930), Shaw v Lindheim 919 F (2d) 1353 1356-57 (9th Cir, 1990), etc. More specifically, A wealth of cases affirm the protectibility unique arrangements of unprotectible arrangements such as *Harper and Row v. Nation Ent.* 471 U.S. 539, L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012), Cavalier (297 F.3d at 826-27) Metcalf v. Bochco (292 F.3d 1069, 1074, 9th Cir. 2002), Atari Games v Oman, 979 F (2d) 242 (Cir DC 1992), and *Feist Publications, Inc. v, Rural Telephone Service Co.*, 499 U.S. 340 (1991).

In *Feist* the Supreme Court stated a work need only possess a **"spark"** or **"minimal degree"** of creativity to be protected by copyright. The Honorable Justice **Sandra Day O'Conner said, "To be sure, the requisite level of creativity is extremely low; even a slight amount will do."** *Id.* Thus, the Courts have upheld the copyrights of countless simple things: photographs, greeting cards, cartoon characters, primitive smiley face pictures, etc.

10

In making their unlikely argument the Defense Counsel's intent is to say, "Sure the work share a great deal, but they have many fine differences (like the Defendants' hero has tattoos, and the two heroes need different types of identification), and these slight changes make the Defendants work a new expression." A ploy likely as old as copyright law. But the Honorable Judge Learned Hand saw through this ruse when he wrote: **"No Plagiarist can excuse the wrong by showing how much of his work he did nor pirate."** -*Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49 (2d Cir. 1936)

### F. The Court Erred In Not Comparing The Contested Screenplays.

The Defense has argued that the district court did not err in not allowing the comparison between the contested screenplays, supporting the Defendants' preference of comparing the Plaintiff's Screenplay to the Defendants' Film. However, the writer of the Film's screenplay, Defendant, Neill Blomkamp, admitted in his signed interrogatories, that he first entered into a writing agreement (for the screenplay) through his loan-out corporation, Sable Prods., thus, realizing profit for his infringement long before the Film's release. Thus, a comparison between the contested screenplays is legally proper.

Further, in using a logline synopsis which infringed on the Plaintiff's

11

copyright, approximately a year before the Film's release (FAC 27), the Defendants used infringing materials in published advertising to solicit distribution deals AND generate audience interest, consistent with *Walt Disney Productions v Filmation Associates* 628 F. Supp., 871 (C.D. Cal. 1986), which ruled **preliminary works** in the production of a motion picture <u>can constitute infringing copies under the Copyright Act of 1976</u>.

### III. RESTATEMENT OF UNANSWERED OPENING ARGUMENTS

Although the Defendants Answering Brief was roughly twice the size of the Plaintiff's Opening Brief, it responded to less than half of the of the Plaintiff's Arguments. Therefore, subsequently, the Plaintiff will re-posit these argument headings, as these issue remain unchallenged. These unanswered and unchallenged arguments are:

1. The Court Erred In Its Substantial Similarity Test; By omitting *L.A. Printex* The Court Failed To Test For "Objective Similarity In Protectible Elements" And Failed to Give Plaintiff "Broad" Protection.

2. The Court Erred In Using Dissection Analysis (Discredited By Printex), Thus, Failed To Analyze Objective Similarity In Protectible Elements.

3. The Order Errs As It Is Predicated On the Omission & Misstatement Of

Central Facts & Claims.

4. The Order Errs As It Did Not Test For "Striking Similarity"

5. The Court Erred In Granting Summary Judgment When The Credibility Of The Parties Is At Issue.

**NOTE**: the Defendants also **did not** respond to the the Plaintiff's specific access arguments that per *L.A. Printex* the evidence required to show widespread dissemination <u>will vary from case to case</u> -as will what a reasonable jury will find constitutes "widely disseminated". And on that variable sliding scale, in his market arena (screenwriting) the Plaintiff demonstrated widespread dissemination and a reasonable opportunity of access.

## SUMMARY

The Defendants' 57 page Answering Brief does not answer over half of the Plaintiff's arguments. The few arguments that the Defendants do address are addressed only in part, and are supported only by opacity, misstatements and leaps of reason. The Defendants' refusal to attend most the Plaintiff's arguments tacitly admits the Defendants have no valid defense.

The Plaintiff's Opening Brief Arguments remain true and unchallenged.

13

Copyright infringement requires a showing of *access* and *substantial similarity*. The Plaintiff has shown s*ubstantial similarity*, and, he believes, *striking similarity*; he has also shown his copyrighted work was "*widely disseminated*," establishing a reasonable opportunity of *access*.

The Defense Counsel has stressed the differences between the works. In *L.A. Printex v. Aeropostale* (9th Cir. 2012) the court wrote: **"... a copyright defendant need not copy a plaintiff's work in its entirety to infringe that work. It is enough that the defendant appropriated a substantial portion of the plaintiff's work."** The Court also cited 4 Nimmer on Copyright § 13.03[B][1][a] (**"It is entirely immaterial that, in many respects, plaintiff's and defendant's works are dissimilar, if in other respects, similarity as to a substantial element of plaintiff's work can be shown."**).

In *L.A. Printex* The Court properly cited *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir.1990) to note: "**Summary judgment is "not highly favored" on questions of substantial similarity in copyright cases.** Then, in remanding *L.A. Printex* case, the Ninth's Honorable Judge Gould wrote: **"The differences noted by the district court do not compel the conclusion that no reasonable juror could find that Defendants' design is substantially similar to C30020. Rather, in light of the similarities described above, the differences support the**

**opposite conclusion, that there is a genuine dispute of material fact on substantial similarity.**

Here too, in light of the similarities, any differences between the contested works support a genuine dispute of material fact on substantial similarity. Thus, the case should be remanded for a jury trial. However, the Plaintiff believes he has sufficiently shown a "reasonable opportunity of access" and *substantial similarity* -even striking similarity- **confirming copyright infringement**. In consideration of this -and the Defendants' inability to reasonably answer the Plaintiff's Opening Brief Arguments- the court can comfortably exercise its authority to reverse the district court's ruling, in favor of the Plaintiff.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the Brief Of The Appellant, the Appelant/Plaintiff respectfully asks the Ninth Circuit Court of Appeals to reverse the district court's ruling, in favor of the plaintiff, or remand the case for a jury trial.

Dated: April 23, 2015.

Respectfully Submitted, /s/ Steve Wilson Briggs
Steve Wilson Briggs
Plaintiff, Pro Se
681 Edna Way
San Mateo, CA 94402
snc.steve@gmail.com

# CERTIFICATE OF COMPLIANCE PURSUANT TO
# FED. R. APP. P. 32(A)(7)(C) AND CIRCUIT COURT RULE 32-1
# FOR CASE NO. 14-17175

    I certify, pursuant to Fed.R. App. P. 32(a)(7)(C) and Circuit Rule 32-1, that the foregoing brief is proportionately spaced, has a typeface of 14 points and contains 3,742 words.

February 23, 2015

                        Signed: /s/ Steve Wilson Briggs